**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH**

| | | |
|---|---|---|
| STEVEN T. DULIK, JR., | ) | Civil Action No. 2: 21-cv-1071 |
| | ) | |
| Petitioner, | ) | Chief United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| v. | ) | |
| | ) | |
| DISTRICT ATTORNEY OF GREENE | ) | |
| COUNTY, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION[1]**

Petitioner, Steven T. Dulik, Jr. ("Petitioner" or "Dulik"), has filed a *pro se* Petition for Writ

of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging the Judgment of Sentence

imposed on him at Criminal Case No. CP-30-CR-0000367-2016, by the Court of Common Pleas

of Greene County. (ECF No. 1). For the reasons that follow, the Petition will be denied as none of

the grounds for relief merits the grant of federal habeas relief. Furthermore, because jurists of

reason would not find this disposition of the Petition debatable, a certificate of appealability will

also be denied.

**Jurisdiction**

This Court has jurisdiction under 28 U.S.C. § 2254, the federal habeas statute applicable

to prisoners in custody pursuant to a state court judgment.  That provision allows a federal court

to grant a state prisoner the writ of habeas corpus "on the ground that he or she is in custody in

---

[1]     All parties have consented to the exercise of plenary jurisdiction by a United States
Magistrate Judge. (ECF Nos. 14 and 15).

violation of the Constitution . . . of the United States." 28 U.S.C. § 2254(a).[2]  Errors of state law

are not cognizable in a federal habeas action.  *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68

(1991).  It is Dulik's burden, as petitioner, to prove he is entitled to the writ.  28 U.S.C. § 2254(a)*;*

*see, e.g.*, *Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 848-49 (3d Cir. 2017).

## Relevant and Procedural Background

A.    <u>State Court Proceedings</u>

Dulik was represented by Jessica L. Phillips, Esquire, during his trial and direct appeal.

The Superior Court in affirming the dismissal of Dulik's petition for relief filed pursuant to the

Pennsylvania Post Conviction Relief Act ("PCRA") recounted the factual background and

evidence that led to Dulik's arrest and conviction:

> In October 2016, Dulik drove to the place of employment of his estranged
> wife, Danielle, and demanded to speak to her about their children.  Dulik refused
> to leave when Danielle requested him to do so.  He then dragged Danielle toward
> his vehicle, which he had left running with the doors open.  She screamed for help,
> and yelled to her co-worker, Joseph Milliken, to call 911.  Dulik told Milligan that,
> if he called 911, Dulik would kill both Danielle and Milliken.  Dulik then placed
> Danielle in a headlock, and pointed the barrel of a gun against her head.  Milliken
> then tripped Dulik, which permitted Danielle to break free and run to safety.  When
> Dulik got back up, he pointed his gun at Milliken, before redirecting his attention
> to Danielle, who had run to a business across the street.  A worker at a nearby
> business who witnessed the event retrieved his firearm and ran to the scene in order
> to confront Dulik.  Dulik then got into his vehicle and drove away.  The Duliks'
> two-year-old daughter witnessed the entire incident.

> Police arrested Dulik and charged him with aggravated assault, firearms not
> to be carried without a license, terroristic threats, simple assault, recklessly
> endangering another person, and disorderly conduct.  The matter proceeded to trial,
> after which a jury convicted Dulik of all charges.  The trial court imposed an

---

[2]    "In making a custody determination, [federal courts look] to the date that the habeas
petition was filed."  *Barry v. Bergen County Prob. Dept.,* 128 F.3d 152, 159 (3d Cir. 1997).
According to the Pennsylvania Parole Board, Dulik was released on parole on March 3, 2021, with
a maximum sentence date of October 25, 2030. (ECF No. 10).  The Court of Appeals for the Third
Circuit has recognized that the custody requirement of 28 U.S.C. § 2254 has been expanded to
include not only incarceration, but also terms of probation and parole.  *Lee v. Stickman*, 357 F.3d
338, 342 (3d Cir. 2004).

aggregate sentence of three years and four months to fourteen years.  This Court
affirmed Dulik's judgment of sentence.  ***See Commonwealth v. Dulik***, 194 A.3d
702 (Pa. Super. 2018) (unpublished memorandum).

*Commonwealth v. Dulik,* No. 678 WDA 2019, slip op., filed March 10, 2020 (unpublished) (ECF

No. 1-3).

Dulik, through counsel, filed a post-sentence motion arguing that the verdict was against

the weight of the evidence as Dulik was convicted upon inconsistent testimony of eyewitnesses.

The post-sentence motion was denied and, thereafter, Dulik, through counsel, filed a timely Notice

of Appeal, to the Pennsylvania Superior Court raising these two issues:

(1)   Was the verdict, as it pertains to the conviction of aggravated assault –
attempted bodily injury with a deadly weapon, against the weight of the evidence?

(2)   Was the verdict. as it pertains to the conviction of aggravated assault –
attempted bodily injury with a deadly weapon, against the sufficiency of the
evidence?

Appellant's Brief.  After briefing, the Superior Court adjudicated both claims on their merits, and

affirmed the judgment of sentence by Memorandum filed July 23, 2018. *Commonwealth v. Dulik*,

No. 149 WDA 2017, slip op., filed July 23, 2018 (unpublished) (ECF No. 1-6).   Dulik did not file

a petition for allowance of appeal to the Pennsylvania Supreme Court.

Unsuccessful on direct appeal, Dulik next sought relief under the PCRA by filing a timely

*pro se* petition. The trial court, now presiding as the PCRA court, appointed Benjamin Goodwin,

Esquire, and Amanda M. Como, Esquire, to represent Dulik through his PCRA proceedings.

Counsel filed an amended petition raising the following six (6) ineffective assistance of trial

counsel claims:

1.  Trial counsel was ineffective for failing to object to the admission of the firearm
license exhibit;

2.  Trial counsel was ineffective for failing to properly investigate the status of
Defendant's concealed carry permit;

3.  Trial counsel was ineffective for failing to present a defense that Dulik has a license to carry permit, and did not receive notice from the Sheriff of any revocation;

4.  Trial counsel was ineffective for failing to permit Dulik to testify at trial and partake in his defense;

5.  Trial counsel was ineffective for failing to object to the offense gravity score, and sentencing range for the charge of firearm carried without a license; and

6.  Trial counsel was ineffective for failing to file an omnibus pretrial motion for dismissal of charge of carrying a firearm without a license.

Amended PCRA Petition.  On February 11, 2019, the PCRA Court held an evidentiary hearing during which Jessica L. Phillips, Esquire, Dulik's trial counsel; Deborah Stockdale, of the Greene County Sheriff's Office; and Steven T. Dulik, Jr., participating by audiovisual device, each testified.  *See* Transcript of PCRA Hearing, 2/11/2019.  By Order filed April 3, 2019, the PCRA Court found that each of ineffectiveness claims lacked merit and issued a notice of its intent to dismiss the petition.  By Order filed May 3, 2019, the PCRA Court entered its Final Order dismissing the Amended Petition.

Dulik, through counsel, appealed the denial of his Amended PCRA Petition to the Superior Court raising these three issues:

1.  Whether the trial court erred in ruling that [Dulik] received effective assistance of trial counsel when trial counsel failed to object to the admission of the Commonwealth's firearm license exhibit.

2.  Whether the trial court erred in ruling that [Dulik] received effective assistance of trial counsel when trial counsel failed to present the defense that [Dulik] had a license to carry and did not receive notice of revocation of his license from the Sheriff's Office in accordance with 18 Pa. C.S.A. § 6109(i).

3.  Whether the trial court erred in ruling that [Dulik] received effective assistance of trial counsel when trial counsel failed to object to the offense gravity score and sentencing range for the charge of firearm carried without a license.

Superior Court Opinion, 3/10/2020; *see also* Brief of Appellant.[3]   The Superior Court denied

each of the claims on its merits and the Pennsylvania Supreme Court denied Dulik's Petition for

Allowance of Appeal.

B.      Federal Court Proceedings

Having been denied relief in state court, Dulik filed in this Court a *pro se* habeas petition

pursuant to 28 U.S.C. § 2254, raising the following seven (7) Grounds for Relief:

GROUND ONE:  Aggravated Assault with a Deadly Weapon – weight of the evidence.

GROUND TWO:  Ineffective Assistance of Counsel: Failure to Object to the Admission of the Firearm License Exhibit.

GROUND THREE :  Ineffective Assistance of Counsel: Failure to Investigate Defendant's License to Carry.

GROUND FOUR:  Ineffective Assistance of Counsel: Failure to Present Defense That Defendant Had a License to Carry and Did not Receive Notice From the Sheriff of Any Revocation of the Same.[4]

GROUND FIVE:   Ineffective Assistance of Counsel: Failure to Permit the Defendant to Testify at Trial and Participate in His Defense.

GROUND SIX:  Ineffective Assistance of Counsel: Failure to File Omnibus Pretrial Motion For Dismissal of Charge of Carrying a Firearm Without a License.

GROUND SEVEN:  Ineffective Assistance of Counsel: Failure to Object to Offense Gravity Score and Sentencing Range for the Charge of Firearm Carried Without a License.

---

[3]      Dulik's counseled Concise Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b), filed on May 23, 2019,  included a fourth issue which was not included in his appellant brief to the Superior Court:  "Whether the Trial Court erred in ruling that Appellant received effective assistance of trial counsel when trial counsel failed to permit the Appellant to testify during his trial and partake in his defense."

[4]      The Petition indicates that this is "also a 5th and 14th Amendment for fundamental fairness issue."  Pet. at Ground Four.

(ECF No. 1).  Respondents filed an Answer in which they argue that the state courts properly disposed of the issues presented on direct appeal and on PCRA collateral review. (ECF No. 11). The Court has reviewed the filings of the parties, and the photocopies of the state court record which Respondent provided the Court, including transcripts of the trial, sentencing hearing, and PCRA hearing.  The matter is fully briefed and ready for disposition.

### The Standard for Habeas Relief under 28 U.S.C. § 2254

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 562 U.S. 86, 91 (2011).  Federal courts reviewing habeas corpus petitions "must be vigilant and independent . . . a commitment that entails substantial judicial resources." *Id.*  This case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "which imposes significant procedural and substantive limitations on the scope" of the Court's review.  *Wilkerson v. Superintendent Fayette SCI*, 871 F.3d 221, 227 (3d Cir. 2017). Under 28 U.S.C. § 2254, federal courts in habeas cases must give considerable deference to determinations of state trial and appellate courts.  *See Renico v. Lett*, 599 U.S. 766, 772 (2010).  Various standards must be met before the Court can review the merits of this habeas petition.

### 1. Timeliness

Before the Court can address the merits of Dulik's petition, it must first decide whether it was timely filed. *Romansky v. Superintendent Green SCI*, 933 F.3d 293, 298 (3d Cir. 2019).  Under AEDPA, a state prisoner must file his federal habeas claims within one year of the date his judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A). Respondents do not dispute that

the instant petition was timely filed, (ECF No. 11 at 5), and the Court has independently verified that the petition was timely filed.

### 2. Has the Petition Presented Cognizable Habeas Claims?

Habeas relief may be afforded to a state prisoner only when his or her custody violates federal law. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1, 6 (2010). The instant Petition raises seven grounds for relief. The six claims raising ineffectiveness of counsel each present a cognizable claim. But as will be discussed below, to the extent Dulik is raising a claim about the weight of the evidence such claim is not cognizable in this federal habeas case.

### 3. Federal Habeas Review of Properly Exhausted Claims

Among AEDPA's procedural prerequisites is a requirement that the petitioner "has exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b). An exhausted claim is one that has been "fairly presented" to the state courts "by invoking one complete round of the State's established appellate review process," and which has been adjudicated on the merits. *Carpenter v. Vaughn*, 296, F.3d 138, 146 (3d Cir 2002) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)); *Johnson v. Williams*, 568 U.S. 298, 302 (2013). "Fair presentation" of a claim merely requires the petitioner to "present [the] federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Greene v. Palakovich*, 606 F.3d 85, 93 (3d Cir. 2010) (citation omitted). For § 2254(d) purposes, a claim has been adjudicated on the merits "when a state court has made a decision that finally resolves the claim on the basis of its substance, rather than on a procedural, or other, ground." *Collins v. Sec'y of Pa. Dep't of Corr.,* 742 F.3d 528, 545 (3d Cir. 2014) (quoting *Thomas v. Horn*, 570 F.3d 105, 117 (3d Cir. 2009)).

When a claim is properly exhausted in the state courts and then raised on federal habeas review, the level of deference afforded to the state-court decision is substantial. *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 236 (3d Cir. 2017), *cert. denied sub nom., Gilmore v. Bey*, 138 S .Ct. 740 (2018). AEDPA "does not 'permit federal judges to . . . casually second-guess the decisions of their state-court colleagues or defense attorneys.' " *Collins*, 742 F.3d at 543 (quoting *Burt v. Titlow*, 571 U.S. 12, 14 (2013)). As a result, under § 2254(d), federal habeas relief is unavailable for exhausted claims unless the state-court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

This is an intentionally difficult standard to meet. *Richter*, 562 U.S. at 102. Section 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" clearly established Supreme Court precedent. *Id*. Thus, to obtain federal habeas relief on an exhausted claim, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." *Id*. at 103.

Finally, "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petition[er] must overcome the limitation of § 2254(d)[ ] on the record that was before that state court"; "evidence introduced in federal court has no bearing on § 2254(d)[ ] review." *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011) (footnote omitted). "[D]istrict courts cannot conduct evidentiary hearings to supplement the existing state court record under 28 U.S.C. § 2254(d). Otherwise, federal habeas petitioners would be able to circumvent the finality of state court

judgments by establishing a new factual record." *Brown v. Wenerowicz*, 663 F.3d 619, 629 (3d Cir. 2011). "This would contravene AEDPA, which requires petitioners to diligently present the facts in state court before proceeding to the federal courthouse." *Id.*

Although mandatory, the exhaustion requirement "turns on an inquiry into what procedures are 'available' under state law." *O'Sullivan*, 526 U.S. at 847. Under Pennsylvania law, a federal claim becomes exhausted once it is presented to the Pennsylvania Superior Court, either as a direct appeal from a state criminal conviction or as an appeal from a PCRA Court's denial of post-conviction relief. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004) (finding that review from the Pennsylvania Supreme Court is unavailable, and therefore not required, for purposes of exhausting state court remedies). [5]

Nor may a federal court grant a habeas petition if the state court's decision rests on a violation of a state procedural rule, even if the claim is properly exhausted. *Johnston v. Pinchak*, 392 F.3d 551, 556 (3d Cir. 2004). This procedural bar applies only when the state rule is "independent of the federal question [presented] and adequate to support the judgment." *Leyva v. Williams*, 504 F.3d 357, 365-66 (3d Cir. 2007) (citing *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007)).

### 4. Federal Habeas Review of Unexhausted, Defaulted Claims

If a claim has not been fairly presented "to the state courts but state law clearly forecloses review, exhaustion is excused, but the doctrine of procedural default may come into play." *Carpenter*, 296 F.3d at 146 (citations omitted). The doctrine of procedural default serves as a

---

[5] On May 9, 2000, the Pennsylvania Supreme Court issued Order No. 218 that declares that federal habeas petitioners no longer have to appeal to the state supreme court to satisfy the exhaustion requirement. *In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases,* No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000) (per curiam). The Court of Appeals for the Third Circuit has recognized the validity of this Order. *See Lambert v. Blackwell,* 387 F.3d 210, 233-34 (3d Cir. 2004), *cert. denied,* 544 U.S. 1063 (2005).

corollary to the exhaustion requirement and provides a basis for a federal court to refuse to review a habeas claim.  Federal courts may not consider the merits of a procedurally defaulted claim unless the petitioner can demonstrate "cause" to excuse the default and "actual prejudice resulting from the alleged constitutional violation." *Preston v. Superintendent Graterford SCI,* 902 F.3d 365, 375  (3d Cir. 2018) (quoting *Davila v. Davis*, -- U.S. ---, 137 S. Ct. 2058, 2065 (2017) (quoting *Wainwright v. Skyes*, 433 U.S. 72 (1977)), *cert. denied*, -- U.S. ---, 139 S. Ct. 1613 (2019).[6]  The burden lies with a petitioner to demonstrate circumstances that would serve to excuse a procedural default.  *See Sweger v. Chesney*, 294 F.3d 506, 520 (3d Cir. 2002); *see also Coleman*, 501 U.S. at 750.

"Cause for a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule." *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (alterations in original) (citations and internal quotation marks omitted). To establish prejudice, a petitioner must show not merely that there were errors that created a possibility of prejudice, but that they "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Holland v. Horn*, 519 F.3d 107, 112 (3d Cir. 2008) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). If cause and prejudice are established, the federal court reviews the

---

[6]     A petitioner, alternatively, can overcome a procedural default by demonstrating that the court's failure to review the defaulted claim will result in a "miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 748 (1991); *McCandless v. Vaughn*, 172 F.3d 225, 260 (3d Cir. 1999). "However, this exception is limited to a 'severely confined category [] [of] cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner]'." *Preston v. Superintendent Graterford SCI,* 902 F.3d 365,375 n.11 (3d Cir. 2018) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013) (internal alteration in original) (quoting *Schlup v. Delo*, 514 U.S. 298, 329 (1995)).

claim "*de novo* because the state court did not consider the claim on the merits." *Bey*, 856 F.3d at 236 (citation omitted).

Each of Dulik's claims will be reviewed with these standards in mind.

## Discussion

A.    Ground  One - Weight of the Evidence Claim

In his first ground for relief, Dulik raises a weight of the evidence claim as to his conviction for assault with a deadly weapon. A weight of the evidence claim is not cognizable under the federal habeas corpus statute because it raises solely an issue of state law. *Tibbs v. Florida*, 457 U.S. 31, 37-45 (1982) (weight of evidence claims raise questions of credibility; it is different from a claim that the evidence was insufficient to support the conviction). A challenge to the weight of the evidence necessarily "concedes that there is sufficient evidence to sustain the verdict. . . . An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. . . . [T]he role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Rainey v. Varner*, 603 F.3d 189, 199 (3d Cir. 2010) (quoting *Commonwealth v. Widmer*, 744 A.2d 745, 751–52 (Pa. 2000)). Such a "weight of the evidence" claim is simply not cognizable by a federal court, entertaining a habeas petition from a state prisoner. *See Marshall v. Lonberger,* 459 U.S. 422, 434 (1983) ("[F]ederal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court"). Accordingly, this claim cannot afford Dulik relief.

B.    Grounds Two Through Seven - Ineffective Assistance of Trial Counsel

Grounds Two through Seven raise ineffective assistance of counsel claims in violation of the Sixth Amendment.  Clearly established federal law in governing ineffectiveness claims is set

forth in the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). *See Premo v. Moore*, 562 U.S. 115, 121 (2011). This same standard has been incorporated by Pennsylvania courts as the proper basis to consider challenges for ineffective assistance of counsel under the Pennsylvania constitution. *See Commonwealth v. Pierce*, 527 A.2d 973, 976 (Pa. 1987) (stating that Pennsylvania courts apply elements of the *Strickland* test to ineffective assistance of counsel claims). A Pennsylvania court's resolution of an ineffective assistance claim, therefore, is presumed to apply clearly established federal law and is due the substantial deference required by 28 U.S.C. § 2254(d).

Under the first prong of *Strickland*, often referred to as the "performance" prong, a petitioner must show that counsel's performance fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 688. Under the second prong, often referred to as the "prejudice" prong, a petitioner must demonstrate that the deficient performance prejudiced him, meaning that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 692. Although a petitioner must satisfy both prongs to succeed on an ineffectiveness claim, the Supreme Court noted that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be follows." *Id*. at 697. *See also Mathias v. Superintendent Frackville SCI*, 876 F.2d 462, 477 (3d Cir. 2017). It is self-evident that counsel cannot be ineffective for failing to pursue meritless claims or objections. *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999).

      1.    <u>Grounds Two, Three, Four, and Six</u>

Dulik's second, third, fourth, and sixth grounds for relief are centered around ineffective assistance of counsel claims related to the revocation of his concealed carry permit. Dulik unsuccessfully raised these issues or their substantial equivalents during his PCRA proceedings

12

and the Superior Court adjudicated the claims on their merits. Thus, these claims will be reviewed under the deferential standard of review under AEDPA. *See* 28 U.S.C. § 2254(d).

The Superior Court found that Dulik's ineffective assistance of counsel claims regarding the revocation of his concealed carry permit lacked merit. In explaining its conclusions, the Superior Court stated:

> In his first issue, Dulik contends that trial counsel was ineffective for failing to object to the Commonwealth's Exhibit 14, which is a computer printout of a Gun Permit Check from the National Criminal Information Center ("NCIC") indicating that his license to carry a firearm was revoked. According to Dulik, Exhibit 14 was the sole evidence used by the Commonwealth to establish that his license had been revoked, which is an essential element of firearms not to be carried without a license. Dulik claims that no evidence was presented at trial "to establish the source, accuracy, authenticity, reliability or the manner in which the data was compiled or recorded." Dulik's Brief at 15-16. On this basis, he argues that counsel was ineffective for failing to object to the exhibit based on "lack of foundation, lack of authenticity, hearsay." *Id*. at 15. Dulik further challenges the PCRA court's determination that trial counsel was not ineffective for failing to object to Exhibit 14 because she believed that Dulik's license had been revoked. Dulik asserts that counsel's personal belief did not negate her obligation to object to an exhibit that contained hearsay, and lacked authentication and foundation.

> The PCRA court determined that Dulik's first issue lacks merit because the Commonwealth presented other evidence at trial which established that Dulik's firearm license had been revoked. Specifically, the PCRA court heard the testimony of Dulik's trial counsel, who testified that Dulik told her that he had received a letter indicating that his license had been revoked. ***See*** PCRA Court Order, 4/3/19, at 7; ***see also*** N.T. PCRA Hearing, 2/11/19, at 6. Counsel also testified that she personally visited the Greene County Sheriff's Office and obtained confirmation from Deborah Stockdale of the Sheriff's Office that Dulik's license had been revoked, and that a letter was sent to Dulik notifying him of the revocation. ***See*** PCRA Court Order, 4/3/19, at 7; ***see also*** N.T. PCRA Hearing, 2/11/19, at 17, 20, 22, 25. Counsel further testified that she was provided with an email sent by Ms. Stockdale to Sheriff Brian Tennant ("Exhibit 1"), advising that Dulik had called the Sheriff's Office and wanted to know why his license had been revoked. N.T. PCRA Hearing, 2/11/19, at 17, 20, 21.

> Ms. Stockdale also testified at the evidentiary hearing, and confirmed that Dulik's license had been revoked, and that she had sent a letter to him via first class mail advising of this fact. ***See*** PCRA Court Order, 4/3/19, at 7; ***see also*** N.T. PCRA Hearing, 2/11/19, at 33-34. Ms. Stockdale further testified that, after she sent the revocation letter, Dulik called the Sheriff's Office, indicated that he had received

the letter, and was "[e]xtremely upset and wanted to know why his license was revoked." N.T. PCRA Hearing, 2/11/19, at 34, 14. Ms. Stockdale then prepared an email to the Sheriff (Exhibit 1), advising him that Dulik had called and wanted to know why his license had been revoked. *Id*. at 34-35; *see also* Commonwealth Exhibit 1. Ms. Stockdale confirmed that Dulik's counsel came to the Sheriff's office and inquired as to the status of Dulik's license. *Id.* at 36.

The PCRA court credited the testimony of trial counsel and Ms. Stockdale, and determined that their testimony established that counsel's investigation revealed that Dulik's license had, in fact, been revoked. **See** PCRA Court Order, 4/3/19, at 7. On this basis, the court determined that Dulik's first ineffectiveness claim warranted no relief. *See id*. at 8, 11, 17-18.[3]

> [3] Notably, counsel also testified that she did not object to Exhibit 14 because it was introduced through the testimony of a state trooper who laid a foundation for the exhibit to be admitted as a business record by explaining the manner in which he had obtained that document in the usual course of his investigation. See N.T. PCRA Hearing, 2/11/19, at 23.

Viewing the evidence in the light most favorable to the Commonwealth, as the prevailing party, we conclude that the PCRA court's ruling is supported by the evidence of record and is free of legal error. The testimony of trial counsel and Ms. Stockdale showed that Dulik's license was revoked. Moreover, contrary to Dulik's claim, Exhibit 14 was not the only evidence presented at trial to establish that his firearm had been revoked. Accordingly, even if counsel had successfully objected to the admission of Exhibit 14, Dulik cannot demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different. *See Johnson, supra*. We therefore affirm the PCRA court's determination that Dulik's first ineffectiveness claim entitles him to no relief.

In his second issue, Dulik contends that trial counsel was ineffective for not challenging the notice he received advising of the license revocation. Specifically, the revocation letter that the Sheriff sent to Dulik was not certified, as required by 18 Pa.C.S.A. § 6109(i). . . .

Dulik additionally argues that, because the revocation letter was not preserved by the Greene County Sheriff's Office, the contents of the notice could not be established. Dulik posits that, through appropriate investigation, counsel should have discovered and argued that the certification requirement of § 6109(i) was not met.

The PCRA court acknowledged that, pursuant to § 6109(i), the Sheriff's Office is required to send a revocation letter by certified mail, and that the Sheriff's Office did not satisfy this requirement because it sent the revocation letter to Dulik via first class mail. However, based on the court's interpretation of § 6109(i), it did

not find that the lack of certification in any affected, or provided a defense to, the revocation determination because counsel's investigation revealed that Dulik had actual notice of the revocation on the date of the incident in question.[4]

> [4]The PCRA court concluded that a failure to send a revocation letter by certified mail provided a defense only to the summary offense of failing to surrender the license within five days of receipt of the revocation notice.  See PCRA Court Order, 4/3/19, at 9; *see also* 18 Pa.C.S.A. § 6109(i) (providing that "[a]n individual whose license is revoked shall surrender the license to the issuing authority within five days of receipt of the notice . . . .  An individual who violates this section commits a summary offense.").

> First, Dulik's trial counsel testified that Dulik told her that he received a letter from the Sheriff's Office indicating that his license had been revoked.  ***See*** PCRA Court Order, 4/3/19, at 7; *see also* N.T. PCRA Hearing, 2/11/19, at 6. . . . Because ample evidence demonstrated that Dulik had received actual notice of the revocation, and that he was aware of the revocation on the date of the incident in question, the PCRA court determined that counsel was not ineffective for failing to challenge the lack of a certified revocation letter.  See PCRA Court Order, 4/3/19, at 8, 11.

> . . . [W]e conclude that the PCRA court's factual findings are supported by the evidence of record.  Accordingly, we will not disturb them.  *See Ford*, 44 A.3d at 1194. . . . .  Here, Dulik's receipt of the notice was not disputed, and the evidence showed that he knew that his license was revoked.  As the PCRA court's conclusion that counsel was not ineffective for failing to challenge the lack of certification is supported by the record, we affirm its determination that Dulik's second ineffectiveness clam warrants no relief.

Superior Court Memorandum, 3/10/2020, at 5-10 (ECF No. 1-3).

Under AEDPA's deferential standard, the Court finds that Dulik has no debatable claim that the state court unreasonably applied clearly established federal law or reached an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d).  As a result, Grounds Two, Three, Four, and Six provide no grounds for relief.[7]

---

[7]      To the extent Dulik is seeking to raise a "5th and 14th Amendment fundamental fairness" claim in Claim Four, such an issue has never been raised in the state courts.  Thus, such a claim while deemed exhausted is procedurally defaulted. On the record before this Court, there is no ground on which to excuse the procedural default.

2.  Ground Five - Failure to Permit the Defendant to Testify at Trial and Participate in His

Defense.

In his fifth ground for relief, Dulik contends that his trial counsel failed to permit him to

testify and participate in his defense.  Dulik raised this claim in his Amended PCRA Petition and

his Concise Statement of Matters Complained of On Appeal, but the issue was not in his brief to

the Pennsylvania Superior Court on collateral review and, as a result, the claim is unexhausted.[8]

*See* Brief of Appellant, Questions Presented, at 4; and PA Rule of Appellate Procedure 2116

(explaining that the appellate brief "must state concisely the issues to be resolved" and that "[n]o

question will be considered unless it is stated in the statement of questions involved or is fairly

suggested thereby.").  Given the passage of time and the fact that Dulik has already pursued a

PCRA action, this unexhausted claim will be deemed exhausted, but is procedurally defaulted.[9]

*See e.g., Sistrunk v. Vaughn*, 96 F.3d 666, 671 n.4 (3d Cir. 1996) ("the rules [of Pennsylvania's

---

[8]      Exhaustion is not a jurisdictional limitation and federal courts may review the merits of a
state petitioner's claim prior to exhaustion when no appropriate state remedy exists.  *Christy v.
Horn*, 115 F.3d 201, 206 (3d Cir. 1997). If a petitioner presents unexhausted habeas claims to a
federal court, but state procedural rules bar further state court review, the federal court will excuse
the failure to exhaust and treat the claims as exhausted.  *Wenger v. Frank*, 266 F.3d 218, 223 (3d
Cir. 2001).  Although deemed exhausted, such claims are considered procedurally defaulted.
*Coleman v. Thompson*, 501 U.S. 772 (749 (1991); *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir.
2000).

[9]      "A State ordinarily is required to assert a procedural default in its answer if it intends to
rely on that defense."  *Szuchon v. Lehman*, 273 F.3d 299, 321 (3d Cir. 2001).  To the extent that
Respondent did not raise procedural default as to any of the claims which this Court finds to have
been procedurally defaulted, this Court has discretion to raise the issue *sua sponte*.  *Long v. Wilson*,
393 F.3d 390 403 (3d Cir. 2004) ("raising procedural habeas issues furthers the interests of comity
and federalism. We have stated that, because such concerns are so important, it is not exclusively
up to the parties to decide whether habeas procedural issues should be raised or waived.") (citations
omitted); *Szuchon*, 272 F.3d at 321 n.13 (holding that in the interests of comity and federalism a
court may raise procedural default sua sponte); 28 U.S.C. § 2254(b)(3) ("State shall not be deemed
to have waived the exhaustion requirement or be estopped from reliance upon the requirement
unless the State, through counsel, expressly waives the requirement").

appellate procedure] dictate that an issue raised at the trial level but not preserved on appeal will not be considered by any subsequent appellate court.").

Dulik has failed to establish either cause and prejudice or that a fundamental miscarriage of justice will occur if this Court does not address this claim on its merits.  See *Schlup v. Delo*, 514 U.S. 298, 326 (1995).  As a result, there is no ground on which to excuse the procedural default.  Thus, Ground Five cannot form the basis for the grant of federal habeas relief.

3.  Ground Seven - Failure to Object to Offense Gravity Score and Sentencing Range for the Charge of Firearm Carried Without a License.

In his seventh and final ground for relief, Dulik contends that trial counsel was ineffective for failing to object to the offense gravity score that the trial court applied to his firearms conviction.  Dulik unsuccessfully raised this same claim to the Superior Court on collateral review, which adjudicated the claim on its merits.  Therefore, this claim will be reviewed under the deferential standard of review under AEDPA.  *See* 28 U.S.C. § 2254(d).

The Superior Court found that the PCRA Court's conclusion that counsel was not ineffective in failing to object to the offense gravity score was supported by the record.  In support of this conclusion, the Superior Court stated,

> The PCRA court concluded that testimony from several witnesses regarding Dulik's threats to Danielle and Millikin that he would use the gun to "kill" them provided sufficient evidence that the gun was loaded.  ***See*** PCRA Court Order, 4/3/19, at 13 (stating "[t]he [c]ourt is convinced that threats made to "kill" with a handgun, suggests certainly through circumstantial evidence, that [Dulik] possessed a loaded weapon.").  On this basis it concluded that trial counsel was not ineffective for failing to object to the OGS of 9.  ***See id***. at 14. . . .
>
> Dulik's own threats to kill Danielle and Millikin provided some indicia that his gun was loaded.  Thus, the PCRA court's conclusion that counsel was not ineffective in failing to object to the OGS score of 9 is supported by the record.  We

17

therefore affirm the PCRA court's determination that Dulik's third ineffectiveness claim entitles him to no relief.

Superior Court Opinion, 3/10/2020, at 11-12 (ECF No. 1-3).

Under AEDPA's deferential standard, the Court finds that the state court's application of *Strickland* was objectively reasonable, and resulted in an outcome that can reasonably be justified under *Strickland.*  See 28 U.S.C. § 2254(d).  Thus, Ground Seven entitles Dulik to no habeas relief.

C.     Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*.  Applying those standards here, the Court concludes that jurists of reason would not find it debatable whether each of Dulik's claims are either non-cognizable, defaulted, or meritless and should be denied.

**Conclusion**

For all of the above reasons, the instant habeas petition for a writ of habeas corpus will be denied. A certificate of appealability will be denied as well. An appropriate order follows.


DATED: March 31, 2022                              BY THE COURT:


                                                   s/ Cynthia Reed Eddy
                                                   Cynthia Reed Eddy
                                                   Chief United States Magistrate Judge



cc:     STEVEN T. DULIK, JR.
        136 Cumberland Village
        Carmichaels, PA 15320
        (via U.S. First Class Mail)

        David J. Russo
        Greene County District Attorney's Office
        (via ECF electronic notification)